UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | NO. CV 12-3621 SJO (FMOx) |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **ORDER Re: MOTION FOR EXPEDITED DISCOVERY** |
| JOHN DOES, 1 through 10, | ) ) | |
| Defendants. | ) ) ) | |

The court has reviewed and considered plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference ("Motion"), and concludes that oral argument is not necessary to resolve this matter. See Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Maritime Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001, as amended Mar. 27, 2001).

**BACKGROUND**

On April 26, 2012, plaintiff filed a Complaint against John Does 1 through 10 ("Doe defendants") for copyright infringement, alleging that Doe defendants reproduced, distributed, displayed and/or performed plaintiff's copyrighted work without permission. (Complaint at ¶¶ 1-2 & 45-49). Plaintiff does not know the names of the Doe defendants, but has identified each Doe defendant by a unique Internet Protocol ("IP") address assigned to that Doe defendant on the date and time of the alleged infringing activity. (Motion at 2; Declaration of Tobias Fieser in Support

of Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference ("Fieser Decl.") at ¶¶ 13-19 & Exh. B).

On May 4, 2012, plaintiff filed the instant Motion to conduct discovery prior to a Rule 26(f) conference to uncover the identities of the Doe defendants. (Motion at 2). Specifically, plaintiff's Motion seeks leave to serve Rule 45 subpoenas on the Internet Service Providers ("ISPs") that assigned Doe defendants' IP addresses and any related intermediary ISPs. (Id.). The subpoenas request information concerning each Doe defendant's true name, address, telephone number, e-mail address, and Media Access Control[1] ("MAC") address. (Id. at 2 & 6).

The court considers the instant Motion in light of the good cause standard for expedited discovery and First Amendment privacy concerns. See UMG Recordings, Inc. v. Does 1-4, 2006 WL 1343597, at *1 (N.D. Cal. 2006); Arista Records LLC v. Does 1-43, 2007 WL 4538697, *1 (S.D. Cal. 2007); Sony Music Entm't Inc. v. Does 1-40, 326 F.Supp.2d 556, 564 (S.D.N.Y. 2004).

## DISCUSSION

I.   GOOD CAUSE.

Under Rule 26(d), formal discovery is generally allowed only after "the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d). However, courts may permit expedited discovery before the Rule 26(f) conference upon a showing of good cause. Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 275-76 (N.D. Cal. 2002). Good cause exists "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Id. at 276.

Here, there is good cause to grant plaintiff leave to conduct expedited discovery. First, plaintiff alleges that Doe defendants infringed plaintiff's right to the exclusive use of copyrighted material , (Motion at 4-5), and allegations of copyright infringement necessarily involve irreparable harm to plaintiff. Health Ins. Ass'n. of Am. v. Novelli, 211 F.Supp.2d 23, 28 (D.D.C. 2002) ("In copyright infringement cases, a copyright holder may be presumed to suffer irreparable harm as

---

[1] "A MAC address is a number that identifies the specific computer used for the infringing activity." (Motion at 2 n. 1).

a matter of law when his right to the exclusive use of copyrighted material is invaded[.]") (internal quotation marks, brackets and citation omitted); see Arista Records, 2007 WL 4538697, *1 (finding good cause to grant plaintiffs expedited discovery of Doe defendants' identity and contact information based in part on plaintiffs' allegations of copyright infringement); Capitol Records, Inc. v. Doe, 2007 WL 2429830, at *1 (S.D. Cal. 2007) (same); UMG Recordings, 2006 WL 1343597, at *1 (same).

Second, there is a risk that Doe defendants' ISPs will not preserve the information that plaintiff seeks. (Motion at 5-6; Fieser Decl. at ¶ 10); see Arista Records, 2007 WL 4538697, *1 (finding good cause to grant plaintiffs expedited discovery of Doe defendants' identity and contact information in copyright infringement case based in part on "the danger that [the ISP] will not long preserve the information that [p]laintiffs seek[.]"); Capitol Records, 2007 WL 2429830, at *1 (same); UMG Recordings, 2006 WL 1343597, at *1 (finding in copyright infringement case that "expedited discovery [of Doe defendants' identity and contact information] is appropriate because ISPs typically retain user activity logs for only a limited period, ranging from as short as a few days to a few months, before erasing data.").

Third, plaintiff's discovery request seeks the identity and contact information for each Doe defendant associated with a unique IP address on the date and time of the alleged infringing activity, (Motion at 6; Fieser Decl. at ¶¶ 13-19, 22 & Exh. B), and thus is narrowly tailored "so as not to exceed the minimum information required to advance th[e] lawsuit without prejudicing the [d]efendants[.]" Arista Records, 2007 WL 4538697, *1 (finding good cause to grant plaintiffs expedited discovery of Doe defendants' identity and contact information in copyright infringement case in part because the discovery request was "narrowly tailored . . . so as not to exceed the minimum information required to advance this lawsuit without prejudicing the [d]efendants"); see Capitol Records, 2007 WL 2429830, at *1 (same); UMG Recordings, 2006 WL 1343597, at *1 (N.D. Cal. 2006) (finding good cause to grant plaintiffs expedited discovery of Doe defendants' names and contact information in copyright infringement case).

Finally, without expedited discovery, plaintiff cannot identify the Doe defendants, and thus cannot pursue its lawsuit to protect its copyrighted works from infringement. See Arista Records,

3

1  2007 WL 4538697, *1 (finding good cause to grant plaintiffs expedited discovery of Doe
2  defendants' identity and contact information in copyright infringement case in part because "the
3  expedited discovery requested will substantially contribute to moving this case forward[ and] . .
4  . , without such discovery, [p]laintiffs cannot identify the Doe [d]efendants, and thus cannot pursue
5  their lawsuit to protect their copyrighted works from infringement."); see Capitol Records, 2007 WL
6  2429830, at *1 (same); UMG Recordings, 2006 WL 1343597, at *1 (finding good cause to grant
7  plaintiffs expedited discovery where "[p]laintiffs have no other way to obtain [Doe defendants'
8  names and contact information], which is necessary to advance the lawsuit by enabling [p]laintiffs
9  to effect service of process[, and where p]ostponing disclosure of information until the normal
10 course of discovery is not an option . . . because, without disclosure of [said] information, the
11 litigation cannot proceed to that stage.").

12  Accordingly, good cause exists for granting plaintiff leave to conduct expedited discovery
13 of Doe defendants' identity and contact information. See Arista Records, 2007 WL 4538697, *1;
14 Capitol Records, 2007 WL 2429830, at *1; UMG Recordings, 2006 WL 1343597, at *1; UMG
15 Recordings, 2008 WL 2949427, at *1.

16 II.  FIRST AMENDMENT.

17  A person who uses the Internet to download or distribute copyrighted material without
18 permission is entitled to "some level of First Amendment protection." See Sony Music Entm't Inc.
19 v. Does 1-40, 326 F.Supp.2d 556, 564 (S.D.N.Y. 2004) (internal quotation marks and citation
20 omitted); see id. ("[T]he use of P2P file copying networks to download, distribute, or make
21 available for distribution copyrighted sound recordings, without permission, . . . qualifies as
22 speech, but only to a degree."). Accordingly, in balancing any First Amendment interest Doe
23 defendants may possess in anonymous speech against the need for disclosure, courts consider
24 the following factors: (1) whether any of plaintiff's claims can withstand a motion to dismiss, see
25 Seescandy, 185 F.R.D. at 579-80; (2) the specificity of the discovery request, see id. at 578 & 580;
26 Sony Music, 326 F.Supp.2d at 565; (3) the absence of alternative means to obtain the
27 subpoenaed information, see Seescandy, 185 F.R.D. at 579; Sony Music, 326 F.Supp.2d at 565;
28

(4) the need for the subpoenaed information to advance the claim, see Sony Music, 326 F.Supp.2d at 565; and (5) the speaker's expectation of privacy. See id.

Here, each of the five factors weighs in favor of disclosing Doe defendants' identifying information in compliance with plaintiff's subpoena. First, plaintiff alleges sufficient facts to withstand a motion to dismiss on its copyright infringement claim. To withstand a motion to dismiss pursuant to Rule 12(b)(6), plaintiff must proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly (Twombly), 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007); accord Ashcroft v. Iqbal (Iqbal), 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949; Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011). Although the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," Twombly, 550 U.S. at 555, 127 S.Ct. at 1965; accord Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949, "[s]pecific facts are not necessary; the [pleadings] need only give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200 (2007) (per curiam) (internal quotation marks and citations omitted); accord Twombly, 550 U.S. at 555, 127 S.Ct. at 1964. In considering whether to dismiss a complaint, the court must accept the allegations of the complaint as true. Erickson, 551 U.S. at 93-94, 127 S.Ct. at 2200; Albright v. Oliver, 510 U.S. 266, 267, 114 S.Ct. 807, 810 (1994).

To establish copyright infringement under 17 U.S.C. § 101, et seq., "two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publ'n, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361, 111 S.Ct. 1282, 1296 (1991); see 17 U.S.C. §§ 106(1) & (3)-(5) (a copyright owner has the exclusive right to reproduce, distribute, display and/or perform the copyrighted work). Here, plaintiff alleges it owns a valid copyright in an original motion picture, (Complaint at ¶¶ 11-13), and the results of plaintiff's forensic investigation show that Doe defendants, using several IP addresses identified in plaintiff's Complaint, reproduced, distributed, displayed and/or performed plaintiff's copyrighted work without

plaintiff's permission. (See id. at ¶¶ 36-42 & Exh. A; Fieser Decl. at ¶¶ 13-21 & Exh. B); Feist Publ'n, 499 U.S. at 361, 111 S.Ct. at 1296; 17 U.S.C. §§ 106(1) & (3)-(5). Under the circumstances, plaintiff's allegations are sufficient to "give [Doe defendants] fair notice of what the . . . claim is and the grounds upon which it rests." Erickson, 551 U.S. at 93, 127 S.Ct. at 2200.

Second, as previously discussed, see supra at § I., plaintiff here seeks identifying information about particular subscriber(s) of ISPs, i.e., the users of the IP addresses listed in plaintiff's Complaint, based on specific times and dates when the alleged infringing activity took place. (Motion at 6; Fieser Decl. at ¶¶ 13-19, 22 & Exh. B); Sony Music, 326 F.Supp.2d at 566 (finding plaintiffs' need for disclosure outweighed Doe defendants' First Amendment right to remain anonymous in part because plaintiffs' discovery request sought identifying information about "particular [ISP] subscribers, based on the specific times and dates when [the infringing activity allegedly took place].") (citations omitted). In addition, the IP addresses were each traced to a physical address located within this District, (Complaint at 1; Fieser Decl., Exh. B), "which indicates that the Court likely has jurisdiction over defendants." Seescandy, 185 F.R.D. at 579. In short, plaintiff's "discovery request is . . . sufficiently specific to establish reasonable likelihood that the discovery request would lead to identifying information that would make possible service upon particular defendants who could be sued in federal court." Sony Music, 326 F.Supp.2d at 566 (citations omitted); First Time Videos, LLC v. Does 1-500, 276 F.R.D. 241, 249 (N.D. Ill. 2011) ("[Plaintiff]'s discovery request is sufficiently specific to establish reasonable likelihood that it will lead to identifying information that would make service possible upon those Doe Defendants who could be sued in federal court[]" where plaintiff "seeks the identifying information for particular Internet users who allegedly downloaded their copyrighted material . . . at specific times and dates[.]").

Third, plaintiff has detailed the steps it has taken to learn Doe defendants' true identity, including identifying the specific instances of unauthorized reproduction, distribution, display and performance of the Work, obtaining the IP address allegedly responsible for the infringing activity, and tracing the IP address to a specific ISP and an approximate geographical location. (See Fieser Decl. at ¶¶ 13-19 & Exh. B); Sony Music, 326 F.Supp.2d at 566 (finding that "[p]laintiffs

have also established that they lack other means to obtain the subpoenaed information" when plaintiffs indicated they had "us[ed] a publicly available database to trace the IP address for each defendant, based on the times of infringement.") (citations omitted); see id. at 564-65 ("[T]he absence of alternative means to obtain the subpoenaed information[]" weighs in favor of granting discovery of identifying information concerning an anonymous defendant.).

Fourth, as previously discussed, see supra at § I., there is clearly an essential need for the subpoenaed information since "[a]scertaining the identit[y] and residence[] of . . . [Doe] is critical to plaintiff['s] ability to pursue litigation, for without this information, plaintiff[] will be unable to serve process." Sony Music, 326 F.Supp.2d at 566 (finding plaintiffs' need for disclosure outweighed Doe defendants' First Amendment right to remain anonymous in part because "[p]laintiff [sic] have . . . demonstrated that the subpoenaed information is centrally needed for plaintiffs to advance their copyright infringement claims.").

Finally, internet subscribers do not have a reasonable expectation of privacy in their subscriber information as they have already conveyed such information to their ISPs. See London v. Does 1-4, 279 Fed.Appx. 513, 514-15 (9th Cir. 2008) (unpublished disposition) (affirming denial of motion to quash civil subpoena to ISP to reveal owner of email accounts because "exposure of some identifying data does not violate the First Amendment[]"); Doe v. S.E.C., 2011 WL 4593181, at *3 (N.D. Cal. 2011) (noting that disclosure of identifying information freely communicated to a third party "is routinely ordered by courts.") (internal quotation marks and citation omitted); Guest v. Leis, 255 F.3d 325, 335-36 (6th Cir. 2001) ("Individuals generally lose a reasonable expectation of privacy in their information once they reveal it to third parties."); First Time Videos, 276 F.R.D. at 249 ("Internet subscribers do not have a reasonable expectation of privacy in their subscriber information as they have already conveyed such information to their ISPs.").

Moreover, where, as here, alleged illegal conduct is involved, individuals have only a minimal expectation of privacy. See Arista Records, LLC v. Does 1-19, 551 F.Supp.2d 1, 9 (D.D.C. 2008) ("Not surprisingly, courts have routinely held that a defendant's First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of

1  copyrights."); <u>Sony Music</u>, 326 F.Supp.2d at 566 ("[D]efendants have little expectation of privacy
2  in downloading and distributing copyrighted songs without permission[.]") (citation and footnote
3  omitted); <u>Gen. Bd. of Global Ministries</u>, 2006 WL 3479332, at *1-2 & 5 (Unknown defendant
4  alleged to have intruded upon employer's email system and used employee's email account to
5  send fictitious messages of termination to other employees has "a minimal expectation of privacy
6  in the alleged tortious conduct set forth in the petition.").

7  Taken together, these five factors suggest that the Doe defendants' First Amendment right
8  to anonymous speech over the internet must give way to plaintiff's right to discovery.  See <u>Sony
9  Music</u>, 326 F.Supp.2d at 567; <u>Arista Records</u>, 551 F.Supp.2d at 8-9.

10  **This Order is not intended for publication.  Nor is it intended to be included in or
11  submitted to any online service such as Westlaw or Lexis.**

12  Based on the foregoing, IT IS ORDERED THAT:

13  1.  The hearing set for June 6, 2012, is hereby **vacated**.

14  2.  Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f)
15  Conference **(Document No. 6)** is **granted** to the extent set forth below.

16  3.  Plaintiff may serve immediate discovery on Charter Communications, Cox
17  Communications, Verizon Internet Services, and any related intermediary ISPs (collectively, "the
18  Entities") to obtain the identity of the Doe defendants by serving a subpoena pursuant to Rule 45
19  that seeks information sufficient to identify the Doe defendants, including the name, address,
20  telephone number, e-mail address, and MAC address for each Doe defendant.

21  4.  If the Entities and/or Doe defendants wish to file a motion to quash the subpoena
22  or to serve objections, they must do so before the return date of the subpoena, which shall be no
23  less than twenty-one (21) days from the date of service of the subpoena.  Among other things, the
24  Entities may use this time to notify the person(s) in question.

25  5.  The Entities shall preserve any subpoenaed information or materials pending
26  compliance with the subpoena or resolution of any timely objections and/or motions to quash.

27  6.  Plaintiff shall serve a copy of this Order on the Entities when it serves the subpoena.
28

7. Any information disclosed to plaintiff in response to the Rule 45 subpoenas must be used by plaintiff solely for the purpose of protecting plaintiff's rights under the Copyright Act, 17 U.S.C. §§ 101, et seq., as set forth in the Complaint.

Dated this 16th day of May, 2012.

                                                         /s/
                                    Fernando M. Olguin
                              United States Magistrate Judge